DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jerrye McGee, appeals from the judgment of the Lorain County Court of Common Pleas finding him to be a sexual predator. This Court affirms.
 I. {¶ 2} On November 22, 1994, appellant was found guilty of one count of rape and one count of attempted rape. Appellant's convictions were the result of his conduct involving the nine-year old daughter of his then girlfriend. Following his trial, appellant was sentenced to ten to twenty years for the rape conviction and eight to fifteen years for the attempted rape convictions. These sentences were to be served consecutively. Subsequently, this Court affirmed appellant's convictions and sentence. See State v. McGee (Sept. 13, 1995), 9th Dist. No. 94CA006011.
 {¶ 3} On October 14, 2004, a hearing was held to determine appellant's sexual offender classification. At the hearing, no live testimony was presented. The State, however, did incorporate the full transcript from appellant's criminal trial. At the conclusion of the hearing, the trial court found appellant to be a sexual predator. Appellant has appealed that determination, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"The trial court abused its discretion when it denied appellant's motion to have a psychological examination prior to the sexual predator hearing."
 {¶ 4} In his first assignment of error, appellant avers that the trial erred when it failed to grant his oral motion for a psychological examination prior to adjudicating him to be a sexual predator. In support of his assignment of error, appellant cites to State v. Eppinger (2001),91 Ohio St.3d 158, arguing that its holding compels reversal. This Court disagrees.
 {¶ 5} The appointment of an expert witness in a sexual offender classification proceeding is within the sound discretion of the trial court. Id. at 162. This Court will not reverse the trial court's decision absent an abuse of discretion. State v. Covill (Oct. 22, 2001), 5th Dist. No. 2001CA00074. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} In Eppinger, the Ohio Supreme Court noted:
"Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism." Eppinger, 91 Ohio St.3d at 162.
This Court finds the instant case to be distinguishable from Eppinger.Eppinger involved an encounter with a nineteen-year old stranger. In the instant matter, appellant's victim was a nine-year old child over whom he held a position of authority through dating her mother. See Covill,
supra. We note that the Ohio Supreme Court had found that an offender who preys on children belongs to a class of sex offenders "known for their especially high rate of recidivism." Eppinger, 91 Ohio St.3d at 162.
 {¶ 7} Further, appellant offered no support for his motion for an expert. His original sexual offender hearing was scheduled for July 29, 2004. In the two and one-half months before his hearing, appellant never requested an expert be appointed. A request for an expert was made for the first time after the State had recited the facts of appellant's crime and incorporated the transcript of his criminal trial. Given the timing of appellant's motion and the complete lack of argument in support of the motion, this Court cannot say that the trial court acted in an arbitrary or unreasonable manner in denying the motion to appoint an expert. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"There was no clear and convincing evidence to require the classification of the appellant as a sexual predator, and therefore, the trial court erred in determining that [the appellant] should be classified as a sexual predator."
 {¶ 8} In his final assignment of error, appellant argues that his classification as a sexual predator was not proven in the trial court by clear and convincing evidence. This Court disagrees.
 {¶ 9} R.C. 2950.01(E)(1) defines a sexual predator as an individual who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making this determination, a trial court must consider all relevant factors, including the following, which are contained in R.C. 2950.09(B)(3):
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record * * *, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 10} While the trial court must consider all the factors listed in R.C. 2950.09(B)(3), not every factor need be established before an individual is adjudicated a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622. Consistently, this Court in sexual predator adjudications has required only proof, new or previously known, by clear and convincing evidence that a sexual offender is likely to commit another sexually oriented offense. See State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203; see, also, State v. Trakas, 9th Dist. No. 01CA007871, 2002-Ohio-458 at 7. "[T]he clear-and-convincing-evidence standard requires the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense in the future." (Alterations sic.)State v. Williams (2000), 88 Ohio St.3d 513, 533, quoting State v. Ward
(1999), 130 Ohio App.3d 551, 569. The clear and convincing evidence standard "is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Eppinger,91 Ohio St.3d at 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469,477.
 {¶ 11} The appropriate standard of appellate review in examining the record in a sexual predator adjudication is the clearly erroneous standard. State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. This Court will not reverse the trial court's determination, therefore, if it is supported by some competent credible evidence. Id. This highly deferential standard applies despite the clear and convincing evidence burden of proof placed on the State. State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41.
 {¶ 12} In finding appellant to be a sexual predator, the trial court noted as follows:
"So, considering the relationship which was in loco parentis relationship, the age of the child, the fact there was both vaginal and anal penetration, it is the finding of the Court that you be classified as a Sexual Predator."
In support of its findings, the trial court quoted from the transcript of appellant's criminal trial, noting that the State's medical expert believed that vaginal penetration had occurred. Appellant argued that he should be classified as a sexually oriented offender because this was his first offense. This Court finds that such an argument lacks merit.
 {¶ 13} As noted above, the Supreme Court has found that pedophiles have a high rate of recidivism. Eppinger, 91 Ohio St.3d at 162. Appellant's victim was a nine-year old child. See R.C. 2950.09(B)(3)(c). At the time of the offense, appellant was dating the child's mother, and as such, was in a position of authority over the child. R.C.2950.09(B)(3)(h); see, also, State v. Brown, 8th Dist. No. 85592, 2005-Ohio-2318, at ¶ 28. Based upon the record, the trial court had before it competent and credible evidence to support both these findings. As appellant presented no evidence and the trial court clearly considered the statutory factors under R.C. 2950.09(B)(3), this Court cannot say that the trial court's determination was clearly erroneous. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 14} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Whitmore, J., concur.