DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Robert Troutman has appealed from his sentence and his adjudication as a sexual predator in the Medina County Court of Common Pleas. This Court affirms.
 I {¶ 2} On March 17, 2005, Appellant was indicted on one count of rape with a victim under the age of ten in violation of R.C.2907.02(A)(1)(b)/(B). Following discovery, Appellant entered into a plea agreement with the State. In exchange for his plea of no contest, the State amended the charge to rape with a victim under the age of thirteen, removing the mandatory life sentence provision of R.C. 2907.02(B). On August 24, 2005, the trial court accepted Appellant's no contest plea and found him guilty of rape. On January 5 and 6, 2006, the trial court held a sexual predator hearing. On January 13, 2006, the trial court journalized Appellant's conviction. Later that day, the trial court journalized its finding that Appellant was a sexual predator. Appellant has timely appealed from his sentencing and his adjudication as a sexual predator, raising four assignments of error for review.
 II Assignment of Error Number One
"THE TRIAL COURT'S DETERMINATION THAT THE APPELLANT/DEFENDANT WAS A SEXUAL PREDATOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THEREFORE SHOULD BE REVERSED AND VACATED[.]"
 {¶ 3} In his first assignment of error, Appellant has argued that the trial court erred in labeling him a sexual predator. Specifically, Appellant has alleged that the evidence did not support such a finding. We disagree.
 {¶ 4} R.C. 2950.01(E)(1) defines a sexual predator as an individual who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making this determination, a trial court must consider all relevant factors, including the following, which are contained in R.C. 2950.09(B)(3):
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record * * *, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 5} While the trial court must consider all the factors listed in R.C. 2950.09(B)(3), not every factor need be established before an individual is adjudicated a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622, at *2. "[T]he clear-and-convincing-evidence standard require[s] the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense in the future." (Alterations sic.) State v. Williams (2000), 88 Ohio St.3d 513, 533, quotingState v. Ward (1999), 130 Ohio App.3d 551, 569. See, also,State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203, at ¶ 10;State v. Trakas (Feb. 6, 2002), 9th Dist. No. 01CA007871. The clear and convincing evidence standard "is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v.Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 6} This Court will overturn a sexual predator determination only upon a finding that the trial court's decision was clearly erroneous. State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. As long as some competent, credible evidence supports the classification, we must affirm the court's decision. Id. In other words, reversal is reserved for exceptional cases where a judgment is so contrary to all reasonable inferences which could be drawn from the evidence that the result is a "complete violation of substantial justice[.]"Shepherd v. Freeze, 9th Dist. No. 20879, 2002-Ohio-4252, at ¶ 8, quoting Royer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20.
 {¶ 7} This Court begins by noting that:
"[T]he overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.) State v.Maynard (1999), 132 Ohio App.3d 820, 826, quoting State v.Daniels (Feb. 24, 1998), 10th Dist. No. 97APA06-830.
In the instant matter, Appellant's victim was under the age of thirteen. Furthermore, Appellant's expert, Dr. Lorette Long, diagnosed him as a pedophile. Accordingly, the rationale stated in Maynard is applicable.
 {¶ 8} The factors contained in R.C. 2959.09(B)(3) bolster the trial court's conclusion that Appellant is likely to reoffend. Appellant was forty-six years old at the time of the offense, yet he was still unable to conform his activities to the mandate of the law. R.C. 2959.09(B)(3)(a). Furthermore, Appellant has numerous prior criminal convictions for driving under the influence. R.C. 2959.03(B)(3)(b). The trial court also heard evidence that Appellant was currently under investigation for improper contact with another child. While not definitive, such allegations support a finding of a pattern of abuse. R.C. 2959.09(B)(3)(h). Furthermore, at the time of the offense, Appellant was dating the victim's mother. Therefore, his relationship with the child was in loco parentis. R.C. 2959.09(B)(3)(h). This relationship was demonstrated through numerous exhibits introduced by the State. These exhibits indicate that Appellant repeatedly referred to the victim as "daddy's little girl" and often signed letters and cards addressed to the victim, "Love, Daddy." This Court has previously held that such a relationship supports a sexual predator determination. State v. McGee, 9th Dist. No. 04CA008600,2005-Ohio-2815, at ¶ 13. Finally, we also find it relevant that Appellant has repeatedly denied responsibility for his crime, denying any wrongdoing on his part. Dr. Long noted that such a denial increases the likelihood of recidivism. Upon initially interviewing Appellant, Dr. Long concluded that his risk of reoffending was low to moderate. Upon hearing all of the evidence from the State, however, Dr. Long concluded that Appellant's risk of reoffending was likely moderate to high.
 {¶ 9} Accordingly, the trial court had competent, credible evidence before it to support multiple findings under R.C. 2959.09 which indicate a likelihood of recidivism. The trial court's adjudication of Appellant as a sexual predator, therefore, was not in error. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN APPLYING THE LABEL OF SEXUAL PREDATOR WHERE THE PERSON BEING LABELED HAD NOT BEEN CONVICTED OF NOR HAD PLEAD GUILTY TO COMMITTING A SEXUALLY ORIENTED OFFENSE[.]"
 {¶ 10} In his second assignment of error, Appellant has asserted that the trial court lacked the authority to label him a sexual predator. Specifically, Appellant has argued that he does not fit within the statutory class of persons eligible to be labeled a sexual predator. We disagree.
 {¶ 11} R.C. 2950.01(E)(1) defines a "sexual predator" as follows:
"The person has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
Appellant urges that his no contest plea precludes a finding that he is a sexual predator. Such an argument is frivolous.
 {¶ 12} Appellant pled no contest. The trial court accepted the plea, found him guilty, and sentenced him. The trial court journalized Appellant's conviction prior to journalizing its adjudication of him as a sexual predator. Accordingly, at the time he was labeled a sexual predator, Appellant had been convicted of a sexually oriented offense. In State v. Hoff
(Apr. 26, 2000), 9th Dist. No. 19580, at *5, we held as follows:
"Entering a no contest plea, the court found defendant guilty, so he has been convicted[.] * * * [W]hether or not he entered a no contest plea or a guilty plea is of no import under * * * the statute. He is still convicted." Id.
Appellant, therefore, was in the class of persons eligible to be labeled a sexual predator. Furthermore, while Appellant asserts that his conviction was not journalized at the time of his sexual predator hearing, such a fact has no relevance to the trial court's ultimate determination. In fact, R.C. 2950.09(B)(2) directs the trial court to hold its sexual predator hearing prior to sentencing. Accordingly, Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOWING THE STATE TO INTRODUCE INTO EVIDENCE AND IN THE COURT'S CONSIDERING THE APPELLANT'S NO CONTEST PLEA IN A SUBSEQUENT SEXUAL PREDATOR HEARING[.]"
 {¶ 13} In his third assignment of error, Appellant has asserted that the trial court erred in considering his no contest plea during his sexual predator hearing. Specifically, Appellant has alleged that Crim.R. 11(B)(2) prohibits the trial court's use of his no contest plea. We disagree.
 {¶ 14} Initially, we note that Appellant made no evidentiary objection on this basis in the trial court. Therefore, he has not preserved such an error for review. Furthermore, Appellant's reliance upon Crim.R 11(B)(2) is misplaced. Crim.R. 11(B)(2) provides as follows:
"The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
In support his argument, Appellant has identified no authority for the proposition that Appellant's sexual predator hearing is a subsequent proceeding to his conviction. Additionally, this Court has found no authority for such a conclusion. Accordingly, as the hearing was not a "subsequent" proceeding, Crim.R. 11(B)(2) would not bar the trial court from using Appellant's no contest plea during his sexual predator hearing.
 {¶ 15} Furthermore, there is no evidence that the trial court actually relied upon Appellant's no contest plea. After accepting Appellant's plea, the trial court found him guilty of rape. Accordingly, the facts contained in the indictment were conclusively established. Those facts, however, were also testified to by Officer Klopfenstein. As such, there is no indication in the record that the trial court relied upon Appellant's plea in any manner. The trial court, therefore, did not err in finding that the State established the facts contained in the indictment that gave rise to Appellant's conviction. Appellant's third assignment of error lacks merit.
 Assignment of Error Number Four
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO NINE YEARS IN PRISON IN LIGHT OF THE OHIO SUPREME COURT'S DECISION IN THE CASE OF STATE V. FOSTER, (2006) 109 OHIO ST.3D 1."
 {¶ 16} In his fourth assignment of error, Appellant has argued that the trial court improperly engaged in judicial fact finding prior to sentencing. Specifically, Appellant has argued that the trial court's judicial fact finding for purposes of sentencing was unconstitutional under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856 and requires resentencing. We disagree.
 {¶ 17} Initially, we note that the Foster Court found R.C.2929.14(B) unconstitutional and excised it from Ohio's sentencing guidelines. Id. at paragraphs one and two of the syllabus. Furthermore, Foster held that defendants with cases pending on direct review who were sentenced to more than the minimum sentence under R.C. 2929.14(B) were entitled to a new sentencing hearing. Id. at ¶ 104-105.
 {¶ 18} However, in State v. Dudokovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, this Court found that a defendant was required to specifically object to the constitutionality of his sentence in order to preserve the Foster issue for review.Dudukovich at ¶ 23-24. Herein, Appellant failed to object to the imposition of his sentence on any grounds. Accordingly, Appellant has not preserved the issue for review. Id. at ¶ 24. Appellant's fourth assignment of error, therefore, lacks merit.
 III {¶ 19} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J. Boyle, J. Concur.