[Cite as *State v. Herzberger*, 2013-Ohio-3664.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

GREGORY D. HERZBERGER

    Appellant

C.A. No.     12CA010301

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09CR079694

DECISION AND JOURNAL ENTRY

Dated: August 26, 2013

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Gregory D. Herzberger, appeals from the October 5, 2012 judgment entry of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} Mr. Herzberger was accused of performing various sexual acts on his biological daughters from 1996 through 2007. He was indicted on multiple counts including: felonious sexual penetration, rape, and gross sexual imposition. As a result of a plea bargain, Mr. Herzberger pleaded guilty to three counts of rape. The parties agreed upon a sentence of nine years of imprisonment.

{¶3} At the time of Mr. Herzberger's sentencing hearing, the trial court also held a sexual offender classification hearing under Megan's Law. *See* former R.C. 2950.09. Because of the dates of the alleged offenses, the parties agreed that Megan's Law should be used for classification purposes. After considering the relevant factors set forth in former R.C. 2950.09,

the trial court classified Mr. Herzberger as a sexual predator. *See also* former R.C. 2950.01(E)(1).

{¶4} Mr. Herzberger appealed, raising a single assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY FINDING THAT [MR.] HERZBERGER IS A SEXUAL PREDATOR AND NOT A SEXUALLY ORIENTED OFFENDER.

{¶5} In his sole assignment of error, Mr. Herzberger argues that the trial court erred in its finding that he is a sexual predator, instead of a sexually oriented offender. Specifically, Mr. Herzberger argues that he should not be classified as a sexual predator because (1) he is in poor health, (2) he will be 70 years old when he is released from prison, and (3) he will have no opportunity to abuse young children because his children are now adults. For the following reasons, we do not agree with Mr. Herzberger's flawed logic.

{¶6} Former R.C. 2950.01(E)(1) defines a sexual predator as an individual who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."

{¶7} In order to make this determination, a trial court must consider all relevant factors, including the following:

(a) The offender's * * * age;

(b) The offender's * * * prior criminal * * * record * * *, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;

(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;

(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender * * *;

(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."

Former R.C. 2950.09(B)(3).

{¶8} "While the trial court must consider all the factors listed in R.C. 2950.09(B)(3), not every factor need be established before an individual is adjudicated a sexual predator." *State v. Troutman*, 9th Dist. Medina No. 06CA0012-M, 2006-Ohio-6066, ¶ 5. "[T]he clear-and-convincing-evidence standard require[s] the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense in the future." *State v. Williams*, 88 Ohio St.3d 513, 533 (2000), quoting *State v. Ward*, 130 Ohio App.3d 551, 569 (8th Dist.1999). The clear and convincing evidence standard "is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and

unequivocal." *State v. Eppinger*, 91 Ohio St.3d 158, 164 (2001), quoting *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶9} "This Court will overturn a sexual predator determination only upon a finding that the trial court's decision was clearly erroneous." *Troutman* at ¶ 6, citing *State v. Unrue*, 9th Dist. Summit No. 21105, 2002-Ohio-7002, ¶ 6. "As long as some competent, credible evidence supports the classification, we must affirm the court's decision." *Troutman* at ¶ 6, citing *Unrue* at ¶ 6. "In other words, reversal is reserved for exceptional cases where a judgment is so contrary to all reasonable inferences which could be drawn from the evidence that the result is a 'complete violation of substantial justice[.]'" *Troutman* at ¶ 6, quoting *Shepherd v. Freeze*, 9th Dist. Summit No. 20879, 2002-Ohio-4252, ¶ 8, quoting *Royer v. Bd. of Ed. of C.R. Coblentz Local School Dist.*, 51 Ohio App.2d 17, 20 (2d Dist.1977).

{¶10} Here, in determining whether Mr. Herzberger should be classified as a sexual predator, the trial court thoroughly considered all of the factors required by statute. In relevant part, the trial court found that Mr. Herzberger raped his daughters when he was in his 40s, and they ranged in age from 6 to about 10. The trial court recognized that there were multiple victims, including two daughters who were not reflected in the offenses for which he was indicted. His pattern was the same for each victim, from the ages he abused them, to the acts he committed against them over an 11-year period of time. Based on the evidence presented at the hearing, the trial court found, by clear and convincing evidence, that Mr. Herzberger "is likely to commit a sexual offense in the future," and, therefore, he is a sexual predator.

{¶11} Upon careful review of the record before us, including the PSI report, we conclude that there is competent and credible evidence to support the trial court's decision. Mr. Herzberger pleaded guilty to raping his daughters. The record details a lengthy, often graphic,

history of sexual abuse of his young daughters. When released from prison, Mr. Herzberger could find other young children to abuse, even if they are not his own children. His argument that he would be without a victim because his own children have reached adulthood is unpersuasive to this Court. Therefore, we conclude that the record contains competent, credible evidence that Mr. Herzberger is likely to commit a sexually oriented offense in the future. As such, pursuant to former R.C. 2950.01(E)(1), the trial court did not err in finding Mr. Herzberger to be a sexual predator.

{¶12} Accordingly, Mr. Herzberger's assignment of error is overruled.

III.

{¶13} In overruling Mr. Herzberger's sole assignment of error, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROBERT ALAN BRENNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.