[Cite as *State v. Herzberger*, 2017-Ohio-491.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

GREGORY D. HERZBERGER

    Appellant

C.A. No.    16CA010899

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09CR079694

DECISION AND JOURNAL ENTRY

Dated: February 13, 2017

SCHAFER, Judge.

{¶1} Defendant-Appellant, Gregory D. Herzberger, appeals the judgment of the Lorain County Court of Common Pleas, denying his "motion for resentencing." We affirm the trial court's judgment.

I.

{¶2} In 2012, Herzberger pleaded guilty to three counts of rape and three counts of gross sexual imposition. During Herzberger's sentencing hearing, the trial court held a sexual offender classification hearing and stipulated that Megan's Law controlled Herzberger's classification. *See* former R.C. 2950.09. After considering the relevant statutory factors set forth in former R.C. 2950.09, the trial court classified Herzberger as a sexual predator. *See* former R.C. 2950.01(E)(1). The trial court then sentenced Herzberger to nine years of imprisonment. Herzberger subsequently filed a direct appeal solely contesting the trial court's finding that he was a sexual predator. On August 26, 2013, this Court overruled Herzberger's sole assignment

of error and affirmed the trial court's classification of Herzberger as a sexual predator. *See State v. Herzberger*, 9th Dist. Lorain No. 12CA010301, 2013-Ohio-3664.

{¶3} On November 23, 2015, Herzberger filed a pro se motion for resentencing arguing that his prison sentence, which was imposed after H.B. 86 became effective on September 11, 2011, is contrary to law and, as such, is void as a matter of law. Herzberger requested an evidentiary hearing to address his motion. On November 30, 2015, the trial court denied Herzberger's motion for resentencing without conducting a hearing.

{¶4} On January 4, 2016, Herzberger filed his notice of appeal to challenge the trial court's denial of his motion for resentencing. Herzberger raises two assignments of error for this Court's review.

II.

**Assignment of Error I**

**The trial Court erred and abused its discretion by denying Defendant's clearly defined and supported Motion for Resentencing to correct an illegal sentence contrary to law without even affording [the] State [an] opportunity to respond or hold an evidentiary hearing.**

**Assignment of Error II**

**The trial court erred and abused its discretion in determining a sexual predator classification for a defendant, who is a first-time offender, and the facts and evidence are insufficient to support the worst of the worst classification.**

{¶5} In his first and second assignments of error, Herzberger argues that the trial court erred by denying his motion for resentencing for several reasons. However, because Herzberger's motion was an untimely petition for post-conviction relief, the trial court lacked authority to consider it and properly denied the motion.

{¶6} This Court initially questions its jurisdiction to determine the present appeal because an untimely notice of appeal does not invoke this Court's jurisdiction. *See Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), syllabus. An appeal from a final, appealable order must typically be filed within 30 days of its entry. App.R. 4(A)(1). Here, the trial court filed its judgment entry denying Herzberger's motion for resentencing on November 30, 2015. It is undisputed that Herzberger did not file his notice of appeal until January 4, 2016, 35 days later.

{¶7} However, this case involves the trial court's denial of a motion for resentencing, which, as further detailed below, this Court construes as a petition for post-conviction relief. "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). App.R. 4(A)(3) explicitly states that "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day period[] referenced in App.R. 4(A)(1) * * * begin[s] to run on the date when the clerk actually completes service." A review of the record in the present case indicates that service of the trial court's order denying Herzberger's petition for post-conviction relief was not noted on the docket. Accordingly, the 30-day timeframe in which Herzberger was required to file his notice of appeal pursuant to App.R. 4(A)(3) never began running. Thus, we conclude that the instant appeal is timely and that we have jurisdiction to consider Herzberger's appeal.

{¶8} Having determined that this Court has jurisdiction to consider the instant matter, we now proceed to considering the timeliness of Herzberger's motion. Although Herzberger captioned his filing as a "motion for resentencing," Herzberger's motion is more accurately a petition for post-conviction relief. *See State v. Cortez*, 5th Dist. Licking No. 15-CA-55, 2016-

Ohio-768, ¶ 9 (classifying appellant's motion for resentencing as a petition for post-conviction relief), citing *State v. Reynolds*, 79 Ohio St.3d 158 (1997). A petition for post-conviction relief must be filed no later than 365 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 365 days after the expiration of the time to file an appeal. R.C. 2953.21(A)(2).[1] Here, the trial transcript from Herzberger's direct appeal was filed on December 18, 2012. However, Herzberger did not file his petition until November 2015, more than 365 days after the trial transcript was filed. Consequently, his petition was untimely, and could only be considered by the trial court if Herzberger could demonstrate the factors set forth in R.C. 2953.23(A)(1) or (2). *See, e.g., State v. Daniel*, 9th Dist. Summit No. 26670, 2013–Ohio–3510, ¶ 9. A review of Herzberger's petition indicates that he did not argue that any of the statutory factors applied to permit the late filing.

{¶9} Because Herzberger filed an untimely petition for post-conviction relief, the trial court lacked authority to consider it. Accordingly, the trial court did not abuse its discretion in denying Herzberger's untimely petition and Herzberger's assignments of error are overruled.

III.

{¶10} Herzberger's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

---

[1] "Effective March 23, 2015, R.C. 2953.21(A)(2) 'was amended by 2014 Sub.H.B. No. 663, which extended the timeframe for defendants to file their motions for postconviction relief from 180 days to 365 days.'" *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 12, fn. 2, quoting *State v. Worthington*, 12th Dist. Brown No. CA2014–12–022, 2015-Ohio-3173, ¶ 43, fn. 4.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

GREGORY D. HERZBERGER, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.