[Cite as *State v. Crosby*, 2017-Ohio-8349.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 16CA011019 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONZELLE CROSBY | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 11CR082579 |

DECISION AND JOURNAL ENTRY

Dated: October 30, 2017

CALLAHAN, Judge.

{¶1} Appellant, Donzelle Crosby, appeals from the judgment of the Lorain County Court of Common Pleas which denied his petition for post-conviction relief. This Court affirms.

I.

{¶2} The facts and initial procedural history of this case were set out in Mr. Crosby's direct appeal. *See State v. Crosby,* 9th Dist. Lorain No. 15CA010724, 2015-Ohio-5176, ¶ 2-3. Mr. Crosby appealed from his convictions arguing that his convictions were based on insufficient evidence and against the manifest weight of the evidence because of contradictions in the testimony of the witnesses, because his trial counsel were ineffective for failing to object to *Bruton* evidence, hearsay evidence, and witness bolstering, and because the court erred in not ordering a new competency evaluation. *Id.* at ¶ 4, 7, 13, 21-23, 25. This Court overruled Mr. Crosby's assignments of error and affirmed his convictions. *Id.* at ¶ 29.

{¶3}    On March 16, 2016, Mr. Crosby filed a petition in the trial court to vacate or set aside his convictions, in which he argued that attorney Jack Bradley was ineffective when he terminated his representation of Mr. Crosby to represent a co-defendant, who ultimately testified against Mr. Crosby.  He also argued that his trial counsel were ineffective in not raising Mr. Bradley's alleged conflict, the State of Ohio denied him due process (or alternatively committed prosecutorial misconduct) when it entered into a plea bargain with the co-defendant and allowed him to testify, and the trial court denied him the right to effective assistance of counsel when it failed to order a hearing on the "sufficiently apparent" conflict.

{¶4}    The trial court denied Mr. Crosby's petition in a one paragraph journal entry dated August 23, 2016. Mr. Crosby filed a notice of appeal from this entry, and he now presents the four identical issues raised in his post-conviction petition as assignments of error for this Court's review.  The assignments of error have been consolidated to facilitate this Court's discussion.

II.

**ASSIGNMENT OF ERROR I**

ATTORNEY JACK BRADLEY COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE TERMINATED REPRESENTATION WITH [MR. CROSBY], A CURRENT CLIENT, TO REPRESENT JEREMY BROWN, A CO-DEFENDANT (NEVER REPRESENTED BY ATTORNEY BRADLEY) IN THIS AGGRAVATED MURDER PROSECUTION.  JEREMY BROWN WAS ONE OF THE PRIMARY EVIDENTIARY WITNESSES AGAINST [MR. CROSBY].

**ASSIGNMENT OF ERROR II**

TRIAL COUNSEL WAS INEFFECTIVE WHEN IT FAILED TO RAISE THE ISSUE OF A CONFLICT OF INTEREST WHEN FACED WITH JEREMY BROWN TESTIFYING AGAINST [MR. CROSBY].

**ASSIGNMENT OF ERROR III**

THE STATE OF OHIO DENIED [MR. CROSBY] DUE PROCESS RIGHTS OR ALTERNATIVELY COMMITTED PROSECUTOR MISCONDUCT WHEN IT

ALLOWED [MR.] BROWN TO TESTIFY AGAINST [MR. CROSBY] KNOWING THAT CONFLICTS OF INTEREST WERE PRESENT WHEN DEVELOPING THE PLEA AGREEMENT WITH JEREMY BROWN AND [MR. CROSBY].

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT DENIED [MR. CROSBY] THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE IT WAS SUFFICIENTLY APPARENT [TO] THE COURT THAT [A] CONFLICT OF INTEREST HEARING SHOULD HAVE BEEN ORDERED.

{¶5} Mr. Crosby's four assignments of error are restatements of his arguments contained in his post-conviction relief petition. However, it is unnecessary to reach the merits of these assignments of error because Mr. Crosby's petition was untimely filed.

{¶6} The decision to grant or deny a petition for post-conviction relief is committed to the discretion of the trial court. *State v. Glynn*, 9th Dist. Medina No. 02CA0090-M, 2003-Ohio-1799, ¶ 4. Therefore, this Court will not disturb the decision of a trial court regarding a petition for post-conviction relief absent an abuse of discretion. *Id*. An abuse of discretion is more than an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). It arises where the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Id*.

{¶7} R.C. 2953.21 sets forth the statutory framework governing post-conviction relief, and imposes time limits for the filing of petitions seeking such relief. Specifically, R.C. 2953.21(A)(2) provides in pertinent part:

> [A] petition [for post-conviction relief] shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *.

Prior to the amendment of R.C. 2953.21(A)(2) on March 23, 2015, the timeframe for filing post-conviction relief petitions was 180 days. *See State v. Herzberger*, 9th Dist. Lorain No. 16CA010899, 2017-Ohio-491, ¶ 8, fn. 1, quoting *State v. Cunningham*, 3d Dist. Allen No. 1-15-

61, 2016-Ohio-3106, ¶ 12, fn. 2, quoting *State v. Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 43, fn. 4.  The applicable filing period is determined by the date the petition is filed.  *See Cunningham* at ¶ 12, fn. 2.

{¶8}    In Mr. Crosby's direct appeal, the trial transcript was filed with this Court on March 16, 2015.  The amendment of R.C. 2953.21, one week later, extended Mr. Crosby's deadline to file a petition for post-conviction relief from 180 days to 365 days. Thus, the deadline for Mr. Crosby to file his post-conviction relief petition was March 15, 2016.[1]  However, Mr. Crosby filed his petition on March 16, 2016, 1 day late. Consequently, Mr. Crosby's petition was untimely filed.

{¶9}    The trial court does not have authority to entertain an untimely petition for post-conviction relief unless the petitioner establishes the factors contained in either R.C. 2953.23(A)(1) or (2), which permit a late filing.  *Herzberger* at ¶ 8.  In his petition, Mr. Crosby argued, albeit incorrectly, that the petition was timely filed. While he cited the correct statute and timeframe for filing, he miscalculated the expiration of the 365-day period.  Apparently believing his petition was timely, Mr. Crosby did not assert any arguments to permit a late filing.

{¶10} Because Mr. Crosby filed an untimely petition for post-conviction relief and failed to demonstrate the statutory factors to permit a late filing, the trial court lacked authority to consider the petition.  Accordingly, the trial court did not abuse its discretion in denying Mr. Crosby's petition and Mr. Crosby's assignments of error are overruled.

---

[1] Because 2016 was a leap year, the filing deadline for the petition was March *15*, 2016 and not March *16*, 2016.

III.

{¶11} Mr. Crosby's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DONZELLE CROSBY, Appellant, pro se.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.