THE STATE EX REL. JOHNSON, APPELLANT, *v.* HUDSON, WARDEN, APPELLEE.

[Cite as *State ex rel. Johnson v. Hudson,*
118 Ohio St.3d 308, 2008-Ohio-2451.]

(No. 2008–0326—Submitted May 21, 2008—Decided May 28, 2008.)

———

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because res judicata bars Johnson's successive habeas corpus petition, we affirm.

{¶ 2} In 1976, the Cuyahoga County Common Pleas Court convicted appellant, John A. Johnson, of aggravated murder with specifications, kidnapping, and rape. The common pleas court sentenced Johnson to death for the aggravated murder with specifications and further sentenced him to prison for his kidnapping and rape convictions. On appeal, the court of appeals affirmed. *State v. Johnson* (Jan. 30, 1978), Cuyahoga App. No. 36618, 1978 WL 217677. In 1978, we reversed Johnson's death sentence and modified the sentence to life imprison-

ment based on *Lockett v. Ohio* (1978), 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973, and *Bell v. Ohio* (1978), 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010.

{¶ 3} In 1998, Johnson filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his release from prison because he had never been returned to the common pleas court for resentencing pursuant to Crim.R. 32 and 43 after his death sentence had been modified. The court of appeals dismissed Johnson's petition, and on appeal, we affirmed. *Johnson v. Mitchell* (1999), 85 Ohio St.3d 123, 707 N.E.2d 471.

{¶ 4} In October 2007, Johnson filed a second petition for a writ of habeas corpus in the Court of Appeals for Richland County. Johnson claimed that he was entitled to the writ because both his 1976 sentencing entry and this court's 1978 entry modifying his death sentence to life imprisonment were void for several reasons, including that the sentencing entry did not comply with Crim.R. 32. Appellee, Mansfield Correctional Institution Warden Stuart Hudson, filed a motion to dismiss. The court of appeals granted the warden's motion and dismissed the petition.

{¶ 5} We affirm the judgment of the court of appeals. Johnson could have raised his claims in his previous petition. *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46, ¶ 6. Having filed a previous petition, Johnson is barred by res judicata from filing a successive habeas corpus petition. *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 8.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

John A. Johnson, pro se.

Nancy Hardin Rogers, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.