[Cite as *State v. Taylor*, 2011-Ohio-5009.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. | 25490 |
|---|---|---|---|
| Appellee | | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE | |
| JACKIE TAYLOR | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO | |
| Appellant | | CASE No. | CR 10 01 0013 (B) |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

MOORE, Judge.

{¶1}    Appellant, Jackie Taylor, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    On December 31, 2009, Nikkol Graves learned that J.B. Garrett, a 71-year-old man, had cashed his Social Security and SSI checks.  The following morning, while Graves was present in Garrett's apartment, or while she was exiting, an intruder entered Garrett's residence and robbed him of approximately $20.00 to $40.00.  On the same morning, Graves returned to Garrett's home, and, while she was there, an intruder again entered Garrett's home and robbed Garrett of his remaining Social Security and SSI proceeds.  After this incident, Garrett went to his neighbor's home and called the police.

{¶3}    After the second incident, Graves went to the home of Helen Smith on Nome Ave. in the City of Akron, Ohio.  While there, Hermaine Powell, whom Graves later identified as

the intruder, arrived. Thereafter, Graves called Garrett's neighbor's home, and an officer answered the call. A short time after this telephone conversation, Jackie Taylor, whom Graves later alleged planned the burglaries, arrived at Smith's house. Taylor and Graves left Smith's house in Graves' car and were stopped by police. Police impounded the car and brought Graves in for questioning regarding the burglaries of Garrett. While the car was in custody, the police received a tip from Charles Randles that crack cocaine was in the car. Officers retrieved 4.38 grams of crack cocaine from the back seat.

{¶4} Taylor was indicted on a charge of possession of cocaine and several other charges relating to his alleged complicity in the burglaries of Garrett. Graves and Powell entered into plea agreements relative to their alleged roles in the burglaries, wherein they agreed to testify at Taylor's trial.

{¶5} At the close of the trial, the trial court instructed the jury on complicity, and the jury found Taylor guilty of two counts of aggravated burglary, one count of aggravated robbery, one count of theft from the elderly, and one count of possession of cocaine. The aggravated burglary and aggravated robbery charges carried attendant firearm specifications, but the jury found that the offenses were not committed with a firearm. The trial court dismissed the aggravated robbery count and found that the theft from the elderly count merged with the aggravated burglary counts for sentencing purposes. The trial court sentenced Taylor to seven years of incarceration on each count of aggravated burglary and to one year of incarceration on the possession of cocaine count, to run consecutively.

{¶6} Taylor timely filed a notice of appeal and raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED [ ] TAYLOR'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER CRIM.R. 29 AS THE STATE OF OHIO DID NOT PROVIDE SUFFICIENT EVIDENCE TO PROVE EACH AND EVERY ELEMENT OF THE CRIMES CHARGED BEYOND A REASONABLE DOUBT AND THEREFORE THE CONVICTIONS MUST BE REVERSED AND VACATED."

{¶7}    In his first assignment of error, Taylor argues that his convictions were not supported by sufficient evidence.   Specifically, he contends that the State failed to prove that the commission of the burglaries involved physical harm or a deadly weapon.   We do not agree.

{¶8}    The issue of whether a conviction is supported by sufficient evidence is a question of law, reviewed de novo.   *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386.   When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production.   Id. at 390 (Cook, J. concurring).   In making this determination, an appellate court must view the evidence in the light most favorable to the prosecution:

> "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.   The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."   *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.

{¶9}    Taylor    was    convicted    of    aggravated    burglary    in    violation    of    R.C. 2911.11(A)(1)/(2), which provides:

> "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is

present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."

{¶10} R.C. 2911.11(C)(2) provides that a "deadly weapon" has the same meaning as provided in R.C. 2923.11, which defines a "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A).

{¶11} Taylor argues that the State failed to produce sufficient evidence to support the principal crime of aggravated burglary as to either count insofar as it failed to produce proof as to the alternate "physical harm" or "deadly weapon" elements embodied in R.C. 2911.11(A)(1) and (2). Because Taylor focuses his argument on this issue, this Court will so limit its discussion.

{¶12} As to the first count of aggravated burglary, the State provided the testimony of Garrett, who stated that the intruder carried a pistol, which was visible to Garrett as the intruder demanded money and searched Garrett's pockets.

{¶13} As to the second count of aggravated burglary, the State provided the testimony of Garrett and Graves. Garrett testified that, during the second incident, the intruder hit him with a gun. Graves testified that, after the first burglary, Taylor said he was going to try to get a gun. Further, Graves testified that, during the second incident, she heard Powell tell Garrett that, if Garrett moved, Powell would kill him because he had a gun.

{¶14} Taylor argues that, because the jury found in the negative on the firearm specifications, the evidence was insufficient to prove the deadly weapon prong of R.C.

2911.11(A)(2). An argument similar to Taylor's was advanced in *State v. Moses*, 5th Dist. No. 01CA104, 2002-Ohio-3832, at ¶14. In that case, the defendant was indicted on an aggravated robbery charge together with a firearm specification stemming from the theft of a woman's wallet at gun point. Id. at ¶1. The jury found the defendant guilty of aggravated robbery, but not of the firearm specification. Id. at ¶2. On appeal, the defendant argued that because possession of a deadly weapon was an essential element of his aggravated robbery charge and because the jury had found him not guilty on the firearm specification, the prosecution did not produce sufficient evidence to support the aggravated robbery conviction. Id. at ¶14 ("Appellant argues that this is proof that the jury lost its way and reached a 'nonsensical' verdict.").

{¶15} However, the Fifth District disagreed, reasoning that the jury could have rejected the witness' testimony as to the type of weapon utilized, "or found the absence of a gun as an exhibit made it impossible to determine if the gun was operable or capable of being rendered operable." Id. at ¶19; see also R.C. 2923.11(B)(1) ("'Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable."). Therefore, as the Fifth District recognized, the finding of not guilty on a firearm specification does not in itself demonstrate that the evidence was insufficient to support that the accused possessed a deadly weapon. See *Moses* at ¶19; see also *State v. Peasely*, 9th Dist. No. 25062, 2010-Ohio-4333 (jury's finding of not guilty on firearm specification did not negate deadly weapon or dangerous ordnance elements of felonious assault), and *State v. Hawk*, 5th Dist. No. 2009 CA 000028, 2009-Ohio-6965, at ¶59-68 (rejecting defendant's argument that the jury's finding against the firearm specification negated the deadly weapon element of aggravated robbery).

{¶16} As the firearm specification finding does not control the determination of sufficiency of the evidence as to the deadly weapon element of aggravated burglary, and as the

State produced testimony that, on each occasion, the intruder possessed a gun, the State produced sufficient evidence to support a conviction under R.C. 2911.11(A)(2). As Taylor was charged with aggravated burglary pursuant to R.C. 2911.11(A)(1) "and/or" (A)(2), and as there was sufficient evidence to support a conviction under subsection (A)(2), it is unnecessary to address Taylor's physical harm arguments made relative to subsection (A)(1).

{¶17} Accordingly, Taylor's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"[ ] TAYLOR'S CONVICTIONS IN THIS CASE OF AGGRAVATED BURGLARY AS CONTAINED IN COUNTS I AND II, AS WELL AS HIS CONVICTION FOR POSSESSION OF COCAINE AS CONTAINED IN COUNT 7, WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AS SUCH THE CONVICTIONS MUST BE REVERSED AND VACATED."

{¶18} In his second assignment of error, Taylor contends that his convictions for two counts of aggravated burglary and one count of possession of drugs were against the manifest weight of the evidence. We do not agree.

{¶19} When a defendant asserts that his conviction is against the manifest weight of the evidence,

> "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340.

{¶20} In making this determination, this Court is mindful that "[e]valuating the evidence and assessing credibility are primarily for the trier of fact." *State v. Shue* (1994), 97 Ohio App.3d 459, 466, citing *Ostendorf-Morris Co. v. Slyman* (1982), 6 Ohio App.3d 46, 47 and *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 154.

Aggravated Burglary

**{¶21}** Here, Taylor argues that the manifest weight of the evidence fails to support either his complicity in, or the deadly weapon element of, the two counts of aggravated burglary.

**{¶22}** Taylor's conviction of aggravated burglary based upon complicity is permissible under R.C. 2923.03(F), which provides that "[a] charge of complicity may be stated in terms of this section, or in the terms of the principal offense." Ohio's complicity statute provides,

"(A) No person acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"(1) Solicit or procure another to commit the offense;

"(2) Aid or abet another in committing the offense;

"(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

"(4) Cause an innocent or irresponsible person to commit the offense." R.C. 2923.03(A).

**{¶23}** In order to support a conviction based upon the defendant's complicity through aiding and abetting,

"[T]he evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." *State v. Johnson* (2001), 93 Ohio St.3d 240, 245.

**{¶24}** Here, testimony of the witnesses indicate that Taylor "supported, assisted, encouraged, cooperated with, advised, or incited" Powell to commit the burglaries. See id. Powell testified that Taylor drove Powell to and from Garrett's home when Powell committed the first burglary and that Taylor drove Powell and Graves back to Garrett's home just prior to the commission of the second burglary. Moreover, Powell claimed that Taylor provided his telephone which Powell used to receive instructions and a signal from Graves. Graves testified

that Taylor conceived of the plans to burglarize Garrett and picked up Powell for the purpose of accomplishing those plans. These acts constitute complicity, as all are acts of assistance of a crime while sharing the criminal intent.

{¶25} As to the deadly weapon element of the offenses, as previously discussed, the testimony of Graves and Garrett indicate that the principal burglary offenses were committed with a gun. However, in support of his manifest weight argument, Taylor challenges the credibility of Graves, Garrett and Powell by pointing to various testimonial inconsistencies and by alleging bias on the part of Graves and Powell.

{¶26} After review of the record, we note that evidence was introduced to the jury regarding each point that Taylor argues. The jury is in the best position to judge the credibility of witnesses because the jury "is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Cook*, 9th Dist. No. 21185, 2003-Ohio-727, at ¶30 quoting *Giurbino v. Giurbino* (1993), 89 Ohio App.3d 646, 659.

{¶27} As to the inconsistencies in the testimony, "the jury is free to believe all, part, or none of the testimony of each witness," and the jury here was instructed accordingly. *State v. Cross*, 9th Dist. No. 25487, 2011-Ohio-3250, at ¶35, quoting *Prince v. Jordan*, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶35, citing *State v. Jackson* (1993), 86 Ohio App.3d 29, 33. We cannot say the jury's resolution of these inconsistencies was unreasonable. See *Peasley* at ¶18 citing *State v. Morgan*, 9th Dist. No. 22848, 2006-Ohio-3921, at ¶35 ("A conviction is not against the manifest weight because the jury chose to credit the State's version of events.").

{¶28} After reviewing the entire record, weighing the inferences and examining the credibility of witnesses, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice in finding Taylor guilty of two counts of aggravated burglary.

Possession of Cocaine

{¶29} Last, Taylor's argument regarding possession of cocaine relates to the cocaine that police found in Graves' vehicle after it had been impounded. He argues that his conviction was against the manifest weight of the evidence. R.C. 2925.11(A) provides that, "no person shall knowingly obtain, possess, or use a controlled substance." Here, Taylor's arguments speak to the element of "possession." R.C. 2925.01(K) provides that to "possess" means to have "control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

{¶30} The weight of the evidence supports the conclusion that Taylor possessed cocaine. Graves testified that, when she pulled into the parking lot after seeing the police cruiser, Taylor hid crack cocaine in the backseat of her car. Randles testified that he was at Smith's house on January 1, 2010, prior to Graves being pulled over, and at that time he saw Taylor give crack cocaine to Powell. Randles further testified that, after Graves' car was impounded, Taylor informed Randles that he had hidden crack cocaine in the car. These acts, if believed by the trier of fact, constitute possession by asserting control over the drugs.

{¶31} On this issue, Taylor challenges the credibility of Graves and Randles, again referencing various testimonial inconsistencies and alleging bias.

{¶32} After reviewing the entire record, weighing the inferences and examining the credibility of Graves and Randles, we cannot say that the jury clearly lost its way and created a

manifest miscarriage of justice in finding Taylor guilty of possession of cocaine. *Otten*, 33 Ohio App.3d at 340. Therefore, Taylor's second assignment of error is overruled.

## III.

**{¶33}** Taylor's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

RONALD T. GATTS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.