[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. McClelland*, Slip Opinion No. 2014-Ohio-4533.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4533

THE STATE EX REL. JOHNSON, APPELLANT, *v.* MCCLELLAND, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. McClelland*, Slip Opinion No. 2014-Ohio-4533.]

*Mandamus—Procedendo—Petition for resentencing after death sentence "vacated"—Res judicata precludes issuance of writ when identical argument unsuccessful in previous actions filed by relator.*

(No. 2013-2017—Submitted October 7, 2014—Decided October 15, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 100427, 2013-Ohio-5442.

_____

**Per Curiam.**

{¶ 1} We affirm the Cuyahoga County Court of Appeals' judgment dismissing a petition for writs of mandamus and/or procedendo to compel a trial judge to resentence relator-appellant, John A. Johnson. Johnson had been convicted of aggravated murder and sentenced to death in 1976. The sentence

was affirmed by the court of appeals, but we reversed the death sentence and modified Johnson's sentence to life in prison based on U.S. Supreme Court decisions.

{¶ 2}  This is the latest in a series of petitions Johnson has filed, asserting that he should have been returned to the common pleas court for resentencing after his death sentence was "vacated."  The court of appeals dismissed.  Because Johnson has made or could have made the same arguments on at least two occasions before, the case is res judicata, and we affirm.

*Facts*

{¶ 3}  In 1976, the Cuyahoga County Common Pleas Court convicted Johnson of aggravated murder with specifications, kidnapping, and rape.  The common pleas court sentenced Johnson to death for the aggravated murder with specifications and further sentenced him to prison for his kidnapping and rape convictions. On appeal, the court of appeals affirmed. *State v. Johnson*, 8th Dist. Cuyahoga No. 36618, 1978 WL 217677 (Jan. 30, 1978).  In 1978, we reversed Johnson's death sentence and modified the sentence to life imprisonment based on *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and *Bell v. Ohio,* 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010 (1978).

{¶ 4}  In 1998, Johnson filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his release from prison because he had never been returned to the common pleas court for resentencing under Crim.R. 32 and 43 after his death sentence had been modified. The court of appeals dismissed Johnson's petition, and on appeal, we affirmed.  *Johnson v. Mitchell*, 85 Ohio St.3d 123, 707 N.E.2d 471 (1999).

{¶ 5}  In October 2007, Johnson filed a second petition for a writ of habeas corpus in the Court of Appeals for Richland County.  Johnson claimed that he was entitled to the writ because both his 1976 sentencing entry and this court's 1978 entry modifying his death sentence to life imprisonment were void for

several reasons, including that the sentencing entry did not comply with Crim.R. 32. The respondent in that case, Mansfield Correctional Institution Warden Stuart Hudson, filed a motion to dismiss. The court of appeals granted the warden's motion and dismissed the petition. *State ex rel. Johnson v. Hudson*, 5th Dist. Richland No. 07-CA-100, 2008-Ohio-34. We affirmed on the basis of res judicata. 118 Ohio St.3d 308, 2008-Ohio-2451, 888 N.E.2d 1090, ¶ 5, citing *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 8 ("Having filed a previous petition, Johnson is barred by res judicata from filing a successive habeas corpus petition").

{¶ 6} In 2013, Johnson filed this complaint for a writ of mandamus and/or procedendo asking the Eighth District to direct appellees, Judge Robert McClelland and the Cuyahoga County Court of Common Pleas, to resentence him in his original criminal case. This is the same relief he sought in his two previous habeas actions. The court of appeals dismissed the complaint on the respondents' motion. Johnson appealed.

*Analysis*

{¶ 7} Res judicata precludes a writ. In two separate previous habeas actions, Johnson unsuccessfully challenged the validity of his sentence. The court of appeals properly dismissed this third attempt to compel resentencing.

{¶ 8} Moreover, as we observed in *Johnson v. Mitchell,* 85 Ohio St.3d at 124, 707 N.E.2d 471, R.C. 2929.06, on which Johnson largely bases his arguments, did not become effective until 1981 and applies only when a death sentence is vacated. 139 Ohio Laws, Part I, 1, 18-19. Because we modified, but did not vacate his sentence, three years before the statute became effective, Johnson is not entitled to a resentencing hearing. 85 Ohio St.3d at 124.

{¶ 9} In short, Johnson has made all these arguments in previous actions and has lost in every case. The legal issues are res judicata, and the court of appeals was justified in dismissing his petition.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

John A. Johnson, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellees.

_____