[Cite as *Taylor v. Bradshaw*, 2016-Ohio-5067.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JACKIE TAYLOR | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Petitioner | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15CA90 |
| WARDEN MARGARET BRADSHAW | : |  |
|  | : |  |
| Respondent | : | OPINION |

CHARACTER OF PROCEEDING:      Writ

JUDGMENT:                                      Dismissed

DATE OF JUDGMENT ENTRY:       July 21, 2016

APPEARANCES:

For Petitioner                                    For Respondent

JACKIE TAYLOR                              MAURA O'NEILL JAITE
P.O. BOX 8107                                SENIOR ASSISTANT ATTORNEY
Mansfield, OH  44901                       OHIO ATTORNEY GENERAL'S OFFICE
                                                      150 East Gay Street, 16th Floor
                                                      Columbus, OH  43215

*Gwin, P.J.*

{¶1} Petitioner, Jackie Taylor, has filed a Petition for Writ of Habeas Corpus alleging the trial court lacked jurisdiction to sentence him for crimes for which he was not indicted. Respondent has filed a Motion for Summary Judgment and Motion to Dismiss for failure to state a claim upon which relief may be granted. Petitioner has also filed a Motion for Summary Judgment.

{¶2} Petitioner was convicted by a jury of Aggravated Burglary, Aggravated Robbery, Theft from the Elderly, and Possession of Cocaine. According to the sentencing entry attached to the Petition, the counts of the indictment were renumbered. It is Petitioner's contention he is entitled to a writ of habeas corpus because the count numbers presented to the jury were not the same as the count numbers of the indictment. Counts 1 through 12 of the indictment are all related to Petitioner's co-defendant. Petitioner's indictment began with Count 13. Petitioner was found guilty and sentenced on renumbered Counts 1, 2, 7, and 8. The aggregate sentence was 15 years in prison which has not yet expired.

{¶3} In a case similar to the case at bar, we held Petitioner has or had an adequate remedy at law by way of appeal where the sentencing entry contained a clerical error as to the count numbers. We held, "Petitioner has or had an adequate remedy at law by way of direct appeal to challenge any defect in his sentence. 'Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law.' *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004–Ohio–5579, 816 N.E.2d 594, ¶ 6." *Gooden v.*

*Bradshaw*, 5th Dist. Richland No. 11CA55, 2011-Ohio-5300, ¶ 4, *aff'd,* 132 Ohio St.3d 45, 2012-Ohio-2013, 968 N.E.2d 484, ¶ 4 (2012).

**{¶4}**   Likewise, in this case, the counts were merely renumbered.  The charges themselves did not change.  Petitioner was convicted of crimes for which he was indicted. Petitioner has or had an adequate remedy at law by way of appeal to challenge any defect in his conviction or sentence.

**{¶5}**   Further, Petitioner's claim in this case is barred by res judicata.  "Res judicata bars [a petitioner] from filing a successive habeas corpus petition insofar as he raises claims that he either raised or could have raised in his previous petitions. *Keith v. Kelley,* 125 Ohio St.3d 161, 2010-Ohio-1807, 926 N.E.2d 646, ¶ 1; *State ex rel. Johnson v. Hudson,* 118 Ohio St.3d 308, 2008-Ohio-2451, 888 N.E.2d 1090; *Johnson v. Mitchell* (1999), 85 Ohio St.3d 123, 707 N.E.2d 471."  *State ex rel. Johnson v. Pineda*, 126 Ohio St.3d 480, 2010-Ohio-4387, 935 N.E.2d 38, 39, ¶ 1 (2010)

**{¶6}**   Petitioner has filed a prior Petition for Writ of Habeas Corpus.  He could have raised the instant issue in the prior Petition.  For this reason, the instant claim is barred by res judicata.

{¶7}    Petitioner remains incarcerated pursuant to a valid, unexpired sentence, therefore, habeas corpus does not lie.  The motion to dismiss is granted.


By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur