[Cite as *State v. Maciel-Valadez*, 2017-Ohio-8266.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

JESUS M. MACIEL-VALADEZ

    Appellant

C.A. Nos.    16CA011051
              17CA011099
              17CA011100

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    09CR079313
              10CR079750
              10CR079984

DECISION AND JOURNAL ENTRY

Dated: October 23, 2017

SCHAFER, Judge.

{¶1} Defendant-Appellant, Jesus Maciel-Valadez, appeals from the judgment of the Lorain County Court of Common Pleas. This Court reverses.

I.

{¶2} Maciel-Valadez was indicted on drug charges in three separate criminal cases: Case No. 09CR079313, Case No. 10CR079750, and Case No. 10CR079984. He ultimately pleaded guilty in all three cases, and the trial court issued each of his three sentencing entries on the same day. In each case, the court imposed a prison term and ordered him to pay the costs of his prosecution and all court-appointed counsel costs. The court also imposed mandatory fines in two of the cases, but suspended them due to Maciel-Valadez' indigent status.

{¶3} More than five years later, Maciel-Valadez filed in all three of his cases identical motions to terminate the collection of court costs and fines. He noted that he had recently received notices from the account clerk supervisor at the prison regarding each case. The notices informed him that the prison would be withdrawing money from his personal account to begin satisfying his outstanding payment obligations. Maciel-Valadez argued that, because the court had waived all of his court costs and fines when sentencing him, the prison lacked authority to withdraw money from his account. Thus, he asked the court to issue an order directing the account clerk supervisor and the Clerk of Courts to terminate the collection of his costs and fines.

{¶4} The State filed identical briefs in opposition to the motions to terminate. On November 24, 2015, the court issued identical judgment entries in each case, granting the motions to terminate. The court wrote that it was granting the motions because, "[p]ursuant to the sentencing entry * * *, [Maciel-Valadez] was not ordered to pay court costs or fines." The State did not appeal from the court's entries.

{¶5} On March 9, 2016, Maciel-Valadez filed in each of his three cases identical motions to return money the prison had collected from his personal account in November and December 2015. He argued that, because the court had granted his motions to terminate, the prison had no authority to withdraw those funds. Rather than respond directly to his motions, the State filed identical motions for relief from judgment in all three cases and asked the court to vacate its November 24, 2015 judgment entries. Maciel-Valadez then filed briefs in opposition to the State's motions.

{¶6} On March 31, 2016, the court granted the State's motions for relief from judgment and vacated its November 24th entries. The court reinstated Maciel-Valadez' payment

obligation and denied his motions to return the money the prison had collected. Maciel-Valadez then appealed from the court's March 31, 2016 judgments.

{¶7} Maciel-Valadez initially attempted to appeal from all three of the trial court's March 31st judgment entries under a single appellate case number. This Court dismissed the appeal as to two of the entries, however, explaining that the three cases had never been consolidated and, thus, separate appeals had to be taken from each entry. *See State v. Maciel-Valadez*, 9th Dist. Lorain No. 16CA011051 (Jan. 30, 2017). Maciel-Valadez then filed two additional appeals, and this Court consolidated the three appeals for purposes of its review.

{¶8} Maciel-Valadez' appeals are now before us and raise two assignments of error for our review.

## II.

{¶9} Initially, we address the State's contention that the appeals should be dismissed as untimely because Maciel-Valadez filed them beyond the 30-day time limit contained in App.R. 4(A)(1). The appellate rules specifically provide that, in civil cases, the 30-day time limit for the filing of an appeal does not commence until the clerk actually completes service of the court's judgment. App.R. 4(A)(3). Though the rule only applies in "a civil case," *id.*, this Court has extended its application to criminal cases when the appeal in question arises from a subsequent, "'collateral civil attack on [a] judgment,'" rather than a direct attack on a criminal conviction. *State v. Herzberger*, 9th Dist. Lorain No. 16CA010899, 2017-Ohio-491, ¶ 7, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A motion for relief from judgment under Civ.R. 60(B) constitutes a collateral civil attack on a judgment. *See Consolo v. Menter*, 9th Dist. Summit No. 26857, 2014-Ohio-1033, ¶ 12, citing *Ohio Pryro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 21. Further, the record reflects that Maciel-Valadez was never

served with the court's March 31, 2016 judgments. Because his appeals arise from subsequent, collateral civil attacks on judgments and he was never properly served, we conclude that his appeals are timely. *See* App.R. 4(A)(3).

## Assignment of Error I

**The trial court abused it (sic) discretion when it granted the appellee's motion for relief from judgment or order pursuant to Civ. R. 60(B)(1).**

{¶10} In his first assignment of error, Maciel-Valadez argues that the trial court erred when it granted the State's motions for relief from judgment. Specifically, he argues that the State's motions amounted to improper substitutes for direct appeals. We agree.

{¶11} The State moved for relief from the trial court's November 24, 2015 judgments on the basis of Civ.R. 60(B)(1). That subsection allows a trial court to vacate a judgment due to "mistake, inadvertence, surprise or excusable neglect * * *." Civ.R. 60(B)(1). According to the State, the trial court made a mistake in its November 24th entries when it erroneously determined that Maciel-Valadez was never ordered to pay court costs and fines.

{¶12} Assuming that the State's motions were properly before the trial court as motions for relief from judgment, *see State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 9-11, "[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus. "[T]he availability of Civ.R. 60(B) relief is generally limited to issues that cannot properly be raised on appeal." *State ex rel. Dewine v. Helms*, 9th Dist. Summit No. 26472, 2013-Ohio-359, ¶ 10. "'[A] factual or legal mistake on the part of the trial court is not the type of mistake contemplated by Civ.R. 60(B)(1).'" *Culgan v. Miller*, 9th Dist. Medina No. 10CA0074-M, 2011-Ohio-6194, ¶ 12, quoting *Hankinson v. Hankinson*, 7th Dist. Mahoning No. 03 MA 7, 2004 Ohio 2480, ¶ 20.

Rather, "[a] mistake under Civ.R. 60(B)(1) contemplates a mistake by a party or his legal representative." *Doyle v. St. Clair*, 9th Dist. Lorain No. 16CA010967, 2017-Ohio-5477, ¶ 14.

{¶13} The record reflects that the State failed to appeal from the trial court's November 24, 2015 judgments and then later attempted to address an error contained therein in motions for relief from judgment. Because a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal, *see Doe* at paragraph two of the syllabus, the court erred when it granted the State's motions. Accordingly, Maciel-Valadez' first assignment of error is sustained.

### Assignment of Error II

**The trial court abused it (sic) discretion when it denied appellant's motion to return money collected for court costs and fines.**

{¶14} In his second assignment of error, Maciel-Valadez argues that the court erred when it denied his motions to return the money the prison collected from his account in November and December 2015. This Court agrees.

{¶15} R.C. 5120.133(A) only permits the department of rehabilitation and correction to transfer funds from a prisoner's account "upon receipt of a certified copy of the judgment * * * that orders a prisoner to pay a stated obligation * * *." Likewise, "[a]lthough the clerk [of courts] may collect costs, only a court may assess costs." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 34. A clerk of courts has no authority to alter a court's judgment as to the imposition of costs. *Id.* Pursuant to R.C. 2947.23(C), a trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter."

{¶16} When the trial court originally sentenced Maciel-Valadez, it imposed upon him the costs of his prosecution and all court-appointed counsel costs. On November 24, 2015, however, the court granted his motions to terminate and ordered that copies of its judgment

entries be sent to the account clerk supervisor at the prison. *See* R.C. 2947.23(C). Once the court issued its November 24th entries, there was no authority for the department of rehabilitation and correction or the clerk of courts to withdraw funds from Maciel-Valadez' account for the purpose of satisfying his court costs. *See* R.C. 5120.133(A); *Lingo* at ¶ 34. Accordingly, he was entitled to a return of the funds taken from his account in contravention of the court's November 24th entries.

{**¶17**} Notably, Maciel-Valadez only requested a return of the funds taken from his prison account in November and December 2015. On March 31, 2016, the court ordered "[t]he payment of costs of prosecution and court-appointed counsel costs [] reinstated." Because a trial court retains jurisdiction to modify the payment of prosecution costs at any time, it was within the court's authority to reinstate Maciel-Valadez' payment obligation. *See* R.C. 2947.23(C). Accordingly, while this Court agrees that Maciel-Valadez is entitled to a return of his funds, our decision only pertains to two months: November and December 2015. His second assignment of error is sustained strictly on that basis.

III.

{**¶18**} Maciel-Valadez' assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JESUS MACIEL-VALADEZ, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.