[Cite as *State v. Taylor*, 2018-Ohio-2394.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28734 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACKIE TAYLOR | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2010-01-0013-B |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2018

CALLAHAN, Judge.

{¶1} Jackie Taylor appeals from the judgment of the Summit County Common Pleas Court denying his motion to vacate. This Court affirms.

I.

{¶2} This Court previously affirmed Mr. Taylor's convictions in *State v. Taylor*, 9th Dist. Summit No. 25490, 2011-Ohio-5009. Mr. Taylor and two co-defendants were indicted for multiple charges in 2010. The charges against Mr. Taylor were set forth in Counts 13 to 21 of the indictment. Relevant to the current appeal, Mr. Taylor was charged with aggravated burglary in Counts 14 and 15, aggravated robbery in Count 17, possession of cocaine in Count 20, and theft from the elderly in Count 21.

{¶3} Mr. Taylor's co-defendants entered into plea agreements and testified at Mr. Taylor's trial. *Id.* at ¶ 4. The jury found Mr. Taylor guilty of aggravated burglary as contained in "renumbered Counts 1 and 2," aggravated robbery as contained in "renumbered Count 4,"

possession of cocaine as contained in "renumbered Count 7," and theft from the elderly as contained in "renumbered Count 8." The court dismissed the aggravated robbery count, merged the theft from the elderly count into the aggravated burglary counts, and sentenced Mr. Taylor on the possession of cocaine count and the aggravated burglary counts. Mr. Taylor appealed, challenging the sufficiency and the manifest weight of the evidence. *Id.* at ¶ 7, 18.

{¶4} In 2017, Mr. Taylor filed a "Motion to Vacate a Void Judgment." (Emphasis deleted.) He argued that because the numbering of the counts in the indictment did not match the numbering of the counts on the verdict forms, the trial court lacked jurisdiction to sentence him on the "'renumbered'" counts. The State opposed Mr. Taylor's motion, noting that his argument could have been raised on direct appeal and, thus, was barred by res judicata.

{¶5} The trial court denied Mr. Taylor's motion in a journal entry filed on May 10, 2017. On August 8, 2017, Mr. Taylor filed his notice of appeal. On appeal, he raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE SENTENCE IN THIS CASE IS VOID AB INITIO WHERE THE TRIAL COURT WAS WITHOUT JURISDICTION TO IMPOSE SUCH SENTENCE.

{¶6} In his sole assignment of error, Mr. Taylor argues that the trial court lacked jurisdiction to sentence him because the count numbers on the jury's verdict forms were different than the count numbers in his indictment.

{¶7} As an initial matter, this Court must determine whether Mr. Taylor has properly invoked this Court's jurisdiction. *See Heck v. Pagano*, 9th Dist. Summit No. 28425, 2017-Ohio-8564, ¶ 14 ("this Court is obligated to raise sua sponte questions related to its jurisdiction"). App.R. 4 specifies the time within which an appeal must be taken. "Subject to the provisions of

App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1). The time requirement for the filing of an appeal is jurisdictional, and an untimely appeal must be dismissed. *Metro. Bank & Trust Co. v. Roth*, 9th Dist. Summit No. 21174, 2003-Ohio-1138, ¶ 15.

{¶8} Mr. Taylor argues that his time for filing an appeal was tolled because he was not served in accordance with Civ.R. 58(B). Pursuant to Civ.R. 58(B), service is not complete until "serving of the notice and notation of the service in the appearance docket." "In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes the service." App.R. 4(A)(3). While the exception in App.R. 4(A)(3) applies to "civil" cases, this Court has extended the exception to criminal cases where the nature of the matter appealed is a collateral civil challenge to the judgment. *State v. Maciel-Valadez*, 9th Dist. Lorain Nos. 16CA011051, 17CA011099, 17CA011100, 2017-Ohio-8266, ¶ 9, citing *State v. Herzberger*, 9th Dist. Lorain No. 16CA010899, 2017-Ohio-491, ¶ 7. Mr. Taylor sought to "collateral[ly] attack" his sentence through his motion, and the docket does not contain a notation that he was served the trial court's journal entry denying that motion. Consequently, this Court finds the tolling provision in App.R. 4(A) applies, Mr. Taylor's notice of appeal is deemed timely, and this Court has jurisdiction to proceed.

{¶9} "Res judicata bars convicted defendants from relitigating matters which were, or could have been, raised on direct appeal." *State v. Hairston*, 9th Dist. Lorain No. 12CA010307, 2013-Ohio-4634, ¶ 10, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The Ohio Supreme Court has created a narrow exception to this rule for void sentences,

which "may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 30. "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt * * *." *Id.* at paragraph three of syllabus.

{¶10} Mr. Taylor attempts to avoid the application of res judicata by framing his motion to vacate, and his argument on appeal, in terms of a void sentence. He contends that "the court's sentence was a void judgment." The essence of Mr. Taylor's argument, however, concerns the numbering of the counts in the verdict forms, and not a sentencing error.

{¶11} Mr. Taylor argues that he was indicted on counts 13 to 21, but the jury found him "guilty of charges numbered counts 1-12." This Court notes that Mr. Taylor's assertion regarding which counts he was found guilty of is not accurate as the verdict forms indicate that the jury found him guilty of counts 1, 2, 4, 7, and 8. Nonetheless, his contention that the numbering on the verdict forms did not match the numbering on his indictment is accurate.

{¶12} An alleged error with a verdict form, however, can be raised on direct appeal. *See State v. Grooms*, 9th Dist. Summit No. 25819, 2011-Ohio-6062, ¶ 11. "[A] motion to correct a void sentence 'does not permit reexamination of all perceived errors at trial or in other proceedings prior to sentencing.'" *Id.* at ¶ 10, quoting *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶ 25. Where, as here, there is a claim that the count numbers on the verdict forms and in the sentencing entry do not correspond to the count numbers in the indictment, that alleged error is cognizable on direct appeal. *See Gooden v. Bradshaw*, 5th Dist. Richland No. 11CA55, 2011-Ohio-5300, ¶ 2-4, citing *State v. Washington*, 9th Dist. Summit No. 18199, 1997 Ohio App. LEXIS 5304, *19-20 (Nov. 26, 1997) (finding no error when counts were renumbered in verdict forms "[t]o avoid confusion" where some counts pertained to a co-defendant).

**{¶13}** Prior to filing the motion that is currently on appeal, Mr. Taylor made a similar argument in a petition for a writ of habeas corpus. *Taylor v. Bradshaw*, 5th Dist. Richland No. 15CA90, 2016-Ohio-5067, ¶ 2. The Fifth District aptly observed: "the counts were merely renumbered. The charges themselves did not change." *Id.* at ¶ 4. The court concluded, "[Mr. Taylor] has or had an adequate remedy at law by way of appeal to challenge any defect in his conviction or sentence." *Id.* Mr. Taylor, in fact, had previously appealed his conviction but did not challenge the numbering on the verdict forms or his sentence. *See Taylor*, 2011-Ohio-5009.

**{¶14}** Because Mr. Taylor could have raised his argument concerning the numbering of the counts in his direct appeal, the trial court properly denied his motion to vacate as his attempted collateral challenge was barred by res judicata. Mr. Taylor's sole assignment of error is overruled.

### III.

**{¶15}** Having overruled Mr. Taylor's sole assignment of error, this Court affirms the judgment of the Summit County Common Pleas Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JACKIE JAUNE TAYLOR, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.